**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rita Davis, | No. CV-14-02596-TUC-BGM |
| Plaintiff, | |
| v. | **ORDER** |
| Tucson, City of, et al., | |
| Defendants. | |

Currently pending before the Court are Defendants' Motion to Dismiss (Doc. 7) and Motion for Summary Judgment (Doc. 8). Plaintiff has filed her Response to Defendant's [sic] Motion to Dismiss (Doc. 10), as well as her Opposition to Defendant's Motion for Summary Judgment (Doc. 15). Defendants replied to each. (Docs. 13, 19). On August 28, 2015, the Court heard oral argument, and allowed Plaintiff the opportunity to file additional briefing regarding the effect of the statute of limitations on any potential wrongful death claim on or before September 11, 2015, and took the matter under advisement. Minute Entry 8/28/2015 (Doc. 21). Plaintiff has not filed anything further.

The United States Magistrate Judge has received the written consent of both parties, and presides over this case pursuant to 28 U.S.C. § 636(c) and Rule 73, Federal

Rules of Civil Procedure.

## I.   MOTION TO DISMISS

Defendants seek dismissal of this lawsuit based on Rule 12(b)(6), Federal Rules of Civil Procedure, asserting that Plaintiff has failed to state facts sufficient to sustain a cause of action.  *See* Defs.' Mot. to Dismiss (Doc. 7).

### *A.   Factual Background*

On January 25, 2013, Plaintiff Rita Davis's son Willie Davis, Jr. ("Davis") left their home and went to pick up his girlfriend. Compl. (Doc. 1) at ¶¶ 10-1.  On the same date, Defendant Anthony Kadous ("Kadous") was on duty and responded to an alleged robbery of a convenience store.  *Id*. at ¶ 12.  Kadous began to follow Davis's vehicle, because it allegedly matched the description of a car used in similar criminal activity the day before.  *Id*. at ¶ 13.  Davis's vehicle eventually pulled into an alley near the apartment complex where he lived with Plaintiff.  *Id*. at ¶ 14.  Kadous pulled his vehicle into the alley and activated the overhead lights and sirens on his vehicle, after which Davis's vehicle then crashed into a fence outside a health care building located behind the apartment complex.  *Id*. at ¶¶ 15-16.  Upon crashing into the fence, Davis exited the vehicle and then began running away from Kadous.  Compl. (Doc. 1) at ¶ 17.  Davis never fired or raised a weapon at Kadous prior to Kadous firing at Davis. *Id*. at ¶ 18. Kadous continued to discharge his weapon as he approached Davis's vehicle, and as Davis ran from the scene of the crash.  *Id*. at ¶ 19.  In a post-shooting interview Kadous admitted that he did not see a weapon when Davis was fleeing but that he continued to

- 2 -

shoot because he did not want an armed person "getting away," in a residential area. *Id.* at ¶ 20. Davis was shot seven times, including gunshot wounds to his buttocks, back of his leg and the side of his body. *Id.* at ¶ 21. Davis was pronounced dead at the scene. *Id.* at ¶ 23.

### *B.     Standard of Review*

A complaint is to contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *Pareto v. Fed. Deposit Ins. Corp.*, 139 F.3d 696, 699 (9th Cir. 1998) ("conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss."). Dismissal is appropriate where a Plaintiff has failed to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678, 129 S.Ct. at 1949 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)). Further, "[a] claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a Defendant has acted

unlawfully." *Id.* (citations omitted). "When ruling on a motion to dismiss, [the Court must] accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Association for Los Angeles Deputy Sheriffs v. County of Los Angeles*, 648 F.3d 986, 991 (9th Cir. 2011) (quoting *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005)). "The court draws all reasonable inferences in favor of the Plaintiff." *Id.* (citing *Newcal Industries, Inc. v. Ikon Office Solution*, 513 F.3d 1038, 1043 n. 2 (9th Cir. 2008)).

### C. *Analysis*

Plaintiff alleges that, as a result of Defendants' wrongful actions, she has lost the companionship and emotional support of her son, and suffered the following injuries and damages: 1) a violation of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable searches and seizures, and from the unequal enforcement of the laws; and 2) physical, mental and emotional pain and suffering. Compl. (Doc. 1) at ¶¶ 26, 28. Plaintiff seeks damages under 42 U.S.C. §1983 against Kadous for allegedly violating her civil rights under color of state law, and against the City of Tucson and Tucson Police Department for allegedly developing, implementing, and maintaining policies or customs which exhibit deliberate indifference to the constitutional rights of persons who are arrested in the City of Tucson, as well as for allegedly allowing the use of excessive and unnecessary force against members of the public. *Id*. at ¶¶ 33, 37. Plaintiff seeks general and punitive damages against all Defendants. *See id.* Defendants seek dismissal of all claims pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, for failure to state a claim upon which relief

- 4 -

can be granted. *See* Defs.' Mot. to Dismiss (Doc. 7).

### 1. Standing

Defendants allege that Plaintiff has no standing to pursue her son's claims. Defs.' Mot. to Dismiss (Doc. 7) at 4. The Court agrees.

"[T]he question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Warth v. Selden*, 422 U.S. 490, 498, 95 S. Ct. 2197, 2205 (1975). Questions of standing incorporate both constitutional and prudential aspects. *See id*. "The actual or threatened injury required by Art. III [of the United States Constitution] may exist solely by virtue of 'statutes creating legal rights, the invasion of which creates standing.'" *Id*. at 501, 95 S. Ct. at 2206 (citing *Linda R. S. v. Richard D.*, 410 U.S. 614, 617 n. 3, 93 S. Ct. 1146, 1148 n.3 (1973); *Sierra Club v. Morton*, 405 U.S. 727, 732, 92 S. Ct. 1361, 1364 (1972)). Standing properly exists only if "the constitutional or statutory provision on which the claim rests properly can be understood as granting persons in the plaintiff's position a right to judicial relief." *Warth*, 422 U.S. at 501, 95 S. Ct. at 2206.

The Arizona Court of Appeals has recognized:

> A wrongful death action is an original and distinct claim for damages sustained by the statutory beneficiaries and is not derivative of or a continuation of a claim existing in the decedent. A survival statute, on the other hand, does not create a new claim but merely prevents abatement of the injured person's claim and provides for its enforcement by his personal representative. . . .
>
> . . .
>
> . . . [A] claim under the survival statute and a claim under the wrongful death statute are separate and distinct notwithstanding they originate from

> the same wrongful act. The former permits recovery for the wrong to the injured person and is confined to his personal loss while the latter is for the wrong to the beneficiaries, confined to their loss because of the death. The latter begins where the former ends.

*Gartin v. St. Joseph's Hosp. & Med. Ctr.*, 156 Ariz. 32, 35 (Ct. App. 1998) (citations omitted) (alterations in original); *see also Miles v. Melrose*, 882 F.2d 976, 895 (5th Cir. 1989) (explaining the difference between a survival action and an action for wrongful death).

Only an individual whose constitutional rights have been violated has standing to assert a claim under 42 U.S.C. § 1983. *Moreland v. Las Vegas Metro. Police Dep't*, 159 F.3d 365, 369 (9th Cir. 1998). Additionally, "'the survivors of an individual' may assert constitutional claims [pursuant to 42 U.S.C. §1983] 'on that individual's behalf if the relevant state's law authorizes a survival action.'" *Lee v. Arizona*, 2010 WL 1948584 at *2 (citing *Moreland*, 159 F.3d at 369). The plaintiff has the burden to show that (1) state law authorizes a survival action, and (2) she meets the requirements for bringing such and action. *Moreland*, 159 F.3d at 369.

Section 14-3110, Arizona Revised Statutes, governs survival actions and provides:

> Every cause of action, except a cause of action for damages for breach of promise to marry, seduction, libel, slander, separate maintenance, alimony, loss of consortium or invasion of the right of privacy, shall survive the death of the person entitled thereto or liable therefor, **and may be asserted by or against the personal representative of such person**, provided that upon the death of the person injured, damages for pain and suffering of such injured person shall not be allowed.

A.R.S. § 14-3110 (emphasis added). Another court in this district has held that a familial tie, without more, is insufficient to confer standing. *Lee v. Arizona*, 2010 WL 1948584,

at * 1-2 (citing A.R.S. § 14-3110) (decedent's wife initiated the action pursuant to U.S.C. § 1983 on behalf of her deceased husband, but did not have evidence to demonstrate that she was his personal representative). "[T]o acquire the powers and undertake the duties and liabilities of a personal representative of a decedent, a person shall be appointed by order of the court or statement of the registrar." A.R.S. §14-3101.

In the instant case, Plaintiff has not alleged or provided any evidence that she has been appointed as the personal representative to Davis's estate. Moreover, she did not respond to the challenge to her standing in her response. As such, based on the facts alleged in the complaint, the court finds Plaintiff lacks standing to assert any claims for violations to her son's constitutional rights.

### 2. Leave to Amend

Plaintiff seeks "leave to amend her Complaint to assert any deficiencies the Court feels exists." Pl.'s Response to Def.'s Mot. to Dismiss (Doc. 10) at 5. At oral argument, Plaintiff's counsel more specifically sought leave to amend to assert a state law wrongful death claim on Plaintiff's behalf.

Rule 15, Federal Rules of Civil Procedure, governs the amendment of pleadings in a civil action. The rule mandates that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S.

178, 182, 83 S.Ct. 227, 228, 9 L.Ed.2d 222 (1962). Further, whether or not leave to amend should be granted is committed to the sound discretion of the district court. *Id.*

As an initial matter, "[f]ederal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994). "The jurisdiction of federal courts is defined and limited by Article III of the Constitution." *Flast v. Cohen*, 392 U.S. 83, 94, 88 S.Ct. 1942, 1949, 20 L.Ed. 947 (1968). Additionally, jurisdiction may be conferred upon the federal courts by statute. *Kokkonen*, 511 U.S. at 377, 114 S.Ct. at 1675. As such, federal jurisdiction exists only where there is either diversity of citizenship or federal-question jurisdiction. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987); 28 U.S.C. § 1441(a). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc.*, 482 U.S. at 392, 107 S.Ct. at 2429 (internal citations omitted).

"[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article II of the United States Constitution." 28 U.S.C. § 1367(a). "The district court[] may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c); *see also United Mine Workers of America*

- 8 -

*v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966) ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well"). If Plaintiff amends her Complaint to state only a wrongful death cause of action pursuant to Arizona state law, this Court would lack jurisdiction. *See Caterpillar, Inc.*, 482 U.S. at 392, 107 S.Ct. at 2429. As such, any amendment would be futile. Therefore, the Court declines Plaintiff's request for leave to amend.

### *D. Conclusion*

Based on the foregoing, Defendants' motion to dismiss will be granted.

## II.     MOTION FOR SUMMARY JUDGMENT

In light of the Court's findings regarding Defendants' motion to dismiss, their motion for summary judgment will be denied as moot.

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

**III.  CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1) Defendants' Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim (Doc. 7) is GRANTED;

2) This matter is DISMISSED WITHOUT PREJUDICE;

3) Defendants' Motion for Summary Judgment (Doc. 8) is DENIED AS MOOT; and

4) The Clerk of the Court shall close its file in this matter.

Dated this 2nd day of October, 2015.

Honorable Bruce G. Macdonald
United States Magistrate Judge